IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| IN RE: ) | |
| STEVEN ANDREW MILTENBERGER and ) | Case No. 14-20743-drd-7 |
| SONDRA KAY MILTENBERGER, ) | |
| ) | |
| Debtors, ) | |
| ) | |
| PHILLIPS 66 COMPANY, ) | |
| PLAINTIFF ) | |
| ) | |
| v. ) | ADVERSARY PROCEEDING |
| ) | |
| ) | No. 14-02024-drd |
| STEVEN ANDREW MILTENBERGER AND ) | |
| SONDRA KAY MILTENBERGER, ) | |
| DEFENDANTS. ) | |

## DEFENDANTS RESPONSE TO PLAINTIFF'S MOTION TO TRANSFER

Comes now Steven and Sondra Miltenberger, Defendants herein, by and through counsel, and in response to the Motion for Transfer to the Eastern District of Missouri, filed by Plaintiff Phillips 66 Company, state as follows:

1. Plaintiff seeks to force Defendants Steven and Sondra Miltenberger, the Debtors herein, residents of Cole County Missouri, to defend this adversary proceeding brought in conjunction with their Chapter 7 bankruptcy filing, in a forum other than where venue properly exists. Plaintiffs support his action based on the fact that Steven Miltenberger has two brother who have filed bankruptcy in the Eastern District of Missouri and Plaintiff has chosen to file and adversary objecting to discharge against said two brothers. The relevant factors fail to support the transfer of this case, which should be tried in the Western District of Missouri.

2. These Defendants agree with Plaintiffs assertions as to the "Procedural Background" in paragraphs 2 and 3 of its Motion.

3. Plaintiff is asserting that a 2004 personal guaranty signed by Melissa Miltenberger, the now ex-wife of Jason Miltenberger (a brother of the Steven Miltenberger, Debtor herein) was forged. Plaintiff has alleged some kind of conspiracy existed between one of more of the Defendants in the various pending adversaries.

4. In response to Plaintiff's "Underlying Factual Background" and for purposes of responding to this Motion, Defendants agree that there were contracts executed by Jump Oil, Inc. and ConocoPhillips Company in 2010, that certain incentive payments were made by ConocoPhillips to Jump Oil, and that ConocoPhillips now alleges that Jump Oil, Inc. owes ConocoPhillips money.

5. In further response to Plaintiff's "Underlying Factual Background" and for purposes of responding to this Motion, Defendants agree that in 2004 certain personal guarantees were executed by the defendants in the various adversaries and that ConocoPhillips alleges that the various defendants knew that one of the guaranty agreements was forged.

**Standards for Transfer of Adversary Proceeding**

6. The transfer of an adversary proceeding is governed by 25 U.S.C. Section 1412 and Bankruptcy Rule 7087. The statute provides:

> A district court may transfer a case or proceeding under Title II to a district court for another district, in the interest of justice or for the convenience of the parties.

The rule provides:

> On motion and after a hearing, the court may transfer an adversary proceeding or any part thereof to another district pursuant to 28 U.S.C. § 1412, except as provided in Rule 7019(2).

7. The Court in In re Vital Link Lodi, Inc., 240 B.R.15 (W.D.Mo. 1999) set forth the standards as follows:

> The granting or denial of a motion to change venue is discretionary with the court, *United States v. Phillips,* 433 F.2d 1364, 1368 (8th Cir. 1970), and the moving party has the burden to establish, by a preponderance of the evidence, that transfer is warranted and appropriate. *Wittes v. Interco, Inc. (In re Interco, Inc.),* 139 B.R. 718, 720 (Bankr.E.D.Mo.1992). The general rule is that the court where the bankruptcy case is pending is the proper venue for all related proceedings within the court's jurisdiction, because speedy and economic administration of cases is a paramount consideration in the bankruptcy process. *Nixon Machinery Co. v. Roy Energy, Inc. (In re Nixon Machinery Co.),* 27 B.R. 871, 873 (Bankr.E.D.Tenn.1983). Accordingly, there is a strong presumption in favor of placing venue in the district where the bankruptcy case is pending. *Windsor Communications Group, Inc. v. Five Towns Stationery, Inc. (In re Windsor Communications Group, Inc.),* 53 B.R. 293, 296 (Bankr.E.D.Pa. 1985).

8.      The Lodi Court, citing Mann v. Michael Industries, Inc. (In re Inland Shoe Manufacturing Company, Inc.), 90 B.R. 981, 983-84 (Bankr.E.D.Mo. 1988) and Burlingame v. Whilden (In re Whilden), 67 B.R. 40, 42(Bankr.M/D.Fla 1986) set forth several factors as follow:

    (1)    The proximity of creditors to the court.

    (2)    The proximity of the debtor to the court.

    (3)    The proximity of necessary witnesses.

    (4)    The location of the debtor's assets.

    (5)    The economic administration of the bankruptcy estate.

    (6)    The relative advantages and obstacles to a fair trial.

    (7)    The economic harm to the debtor in changing venue.

    (8)    The inability of a party to defend in the new forum.

9.      Contrary to Plaintiff's assertion, none of these factors favor the transfer of the case from the Western District of Missouri to the Eastern District of Missouri and, at best are neutral. Therefore the Plaintiff fails to meet its burden on the proposed transfer.

    (1)    The proximity of creditors to the court.

10.    Plaintiff is the only creditor with an interest in this case. Plaintiff has previously litigated its claim against all of the adversary defendants in the United States District Court for the Western District of Missouri, Case No. 13-04144-CVC-NKL. Plaintiff is not local and has hired out-of-state counsel so no Missouri Court is necessarily convenient. However, Plaintiff has shown the ability to prosecute

litigation in the Central Division of the Western District of Missouri. Therefore it appears this factor does not favor transfer.

  (2) The proximity of the debtor to the court.

11. Debtors chose the Western District of Missouri, Central Division to file this bankruptcy because it is where they live. Thus there is a strong presumption that this case should remain in this Court.

  (3) The proximity of necessary witnesses.

12. Plaintiff identifies six witnesses in its motion. Three of those witnesses, Steven and Sondra Miltenberger and Becky Bledsoe, reside in the Western District of Missouri (Steven and Sondra in Cole County and Becky in Jackson County). The remaining three witnesses appear to reside in the Eastern District of Missouri (Jason Miltenberger, David Miltenberger and Melissa Moore Miltenberger). Thus it appears that this factor is neutral and does not favor transfer to the Eastern District.

  (4) The location of the debtor's assets.

13. Debtors' assets are located in the Western District of Missouri and therefore this factor strongly favors the denial of any transfer.

  (5) The economic administration of the bankruptcy estate.

14. Plaintiff has filed a similar objection to discharge against Steven and Sondra, Jason and David Miltenberger. Two of these defendants are in the Eastern District and two are in the Western District. Thus this factor would just as easily favor the transfer of the Eastern District cases to the Western District as it would favor the transfer of the Western District to the Eastern District. This factor is at best

neutral and does not override the presumption.

    (6)    The relative advantages and obstacles to a fair trial.

15. Defendants are not asserting that they would be deprived of a fair trial in the Eastern District of Missouri. However, Steven and Sondra Miltenberger have two children, ages 14 and 11, who are in school and thus create an obstacle for them in providing care if this case is tried in the Eastern District as opposed to a trial in what amounts to their home town. This factor does not favor transfer.

    (7)    The economic harm to the debtor in **changing venue.**

16. Defendants have retained undersigned counsel to represent them in the bankruptcy action and now in this adversary proceeding. This representation was based on this case being a Western District of Missouri case. Undersigned counsel is not a member of the bar of the Eastern District of Missouri. Undersigned counsel did not anticipate having to travel to St. Louis for hearings or for trial when he agreed to the representation. At a minimum, the granting of the change of venue will create economic harm for the Defendants in that they will have to retain at least local counsel and quite likely trial counsel in St. Louis if this case is transferred to the Eastern District. This factor strongly favors denial of the transfer.

    (8)    The inability of a party to defend in the new forum.

17. Defendants do not claim that they are unable to defend this case if it is transferred to the Eastern District. However, the defense will much more expensive, including attorneys fees increase, travel expenses, hotels and food, will involve separation from their children, added stress and discomfort. Additionally, as this

case is set for trial on January 15, 2015 in the Western District, the transfer to the Eastern District will result in substantial delay. Counsel understands that the two pending Eastern District cases having pending motions to dismiss, motions to strike and other preliminary matters and that discovery has either not commenced, is on hold, or is lagging well behind the discovery in the Western District. Both adversaries in the Eastern District of Missouri are schedules for a status conference on January 21, 2015. No trial date appears to have been set. If this case is transferred to the Eastern District of Missouri the ultimate resolution of this case will be substantially delayed. This factor strongly favors denial of the transfer.

18. Of the identified factors, none of them favor the transfer of this case to the Eastern District. At best, the identified factors are neutral and a fair review indicates that, taken as a whole, they favor denying the transfer. Certainly the review of the factors do not compel transfer, nor do they overcome the strong presumption in favor of leaving this case in the district where the bankruptcy case is pending. Thus Plaintiff has failed to meet its burden and the motion should be denied.

Wherefore Defendants pray that this Court deny Plaintiff's Motion to Transfer and for such further relief as the Court deems just.

                              PLETZ AND REED, P.C.

                    By:    /s/ John C. Reed
                            John C. Reed, MO Bar No. 28741
                            325 Jefferson Street
                            Post Office Box 1048
                            Jefferson City, MO 65102
                            Telephone: (573) 635-8500

        Facsimile: (573) 634-3079
        Attorneys for Defendant.

## **CERTIFICATE OF SERVICE**

 I certify that on the 23d day of December, 2014, a true copy of the above and foregoing Defendant's Response to Plaintiff's Motion to Transfer was sent by ECF Notification to Plaintiff's counsel of record.

        /s/ John C. Reed
        John C. Reed